IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY CESSNA,  Petitioner | : : : : : : : : : : | No. 3:13cv1680  (Judge Munley) |
| v. | | |
| JOHN WETZEL, VINCENT MOONEY, and PENNSYLVANIA ATTORNEY GENERAL,  Respondents | | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## **MEMORANDUM**

Before the court for disposition is Anthony Cessna's (hereinafter "petitioner") petition for writ of habeas corpus pursuant to 42 U.S.C. § 2254 (hereinafter "section 2254"). (Doc. 1). For the reasons that follow, the court will grant the petition and remand this matter to the Court of Common Pleas of Lebanon County, Pennsylvania for resentencing.

**Background**

Petitioner filed a petition for writ of habeas corpus pursuant to 42 U.S.C. § 2254 on June 20, 2013. (Doc. 1). Petitioner is in state prison for first-degree murder, which he committed as a seventeen-year-old juvenile. (Id. ¶¶ 1-3). On the first-degree murder conviction, the Court of Common Pleas of Lebanon County, Pennsylvania sentenced petitioner to a

mandatory life term of imprisonment, without the possibility of parole.  (Id. ¶ 4).  On August 16, 2012, petitioner filed a Post-Conviction Relief Act (hereinafter "PCRA") petition pursuant to Pennsylvania law, 42 PA. CONS. STAT. ANN. §§ 9541-46.  (Id. ¶ 6).  The PCRA petition is currently pending. (Id.)

**Jurisdiction**

The court has federal question jurisdiction over this habeas action. See 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.");  28 U.S.C. § 2254(a).

**Legal Standard**

Federal law provides that a district court is authorized to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254.  A petition for a writ of habeas corpus is the exclusive federal remedy for a state prisoner challenging the "very fact or duration" of his confinement and seeking "immediate release or a speedier release from that imprisonment." Preiser v. Rodriguez, 411 U.S. 475,

2

498-500 (1973).

**Discussion**

Petitioner argues he is entitled to habeas relief for two reasons. First, the United States Supreme Court has recently held that the imposition of a sentence of mandatory life imprisonment without possibility of parole upon a juvenile offender violates the Eighth Amendment to the United States Constitution. Second, the Supreme Court determined that this new rule is substantive, and therefore, applies retroactively to state cases on collateral review. After a careful review, the court agrees with petitioner.

On June 25, 2012, the Supreme Court ruled in <u>Miller v. Alabama</u>, 567 U.S. ___, 132 S. Ct. 2455, 2469 (2012), that the imposition of a sentence of mandatory life imprisonment without possibility of parole imposed upon a juvenile offender violated the Eighth Amendment to the United States Constitution. Thus, we must determine if this new rule applies retroactively.

On December 22, 2014, we stayed the instant petition while the United States Supreme Court decided <u>Miller</u>'s retroactivity and applicability to cases pending on collateral review. (Doc. 13).

The United States Supreme Court has now held that <u>Miller</u>'s prohibition on mandatory life sentence without parole for juvenile offenders announced a new substantive rule that, under the Constitution, is retroactive in cases such as petitioner's.  <u>Montgomery v. La.</u>, 136 S. Ct. 718, 734 (2016).[1]

In light of the recent Supreme Court jurisprudence in <u>Miller</u> and <u>Montgomery</u>, the petitioner's entitlement to federal habeas corpus relief seems clear and straightforward.  It is undisputed that the state court sentenced petitioner to a mandatory term of life imprisonment for a murder committed at a time when the petitioner was a juvenile.  In <u>Miller</u>, the Supreme Court held that the imposition of a sentence of mandatory life imprisonment without possibility of parole imposed upon a juvenile offender violates the Eighth Amendment to the United States Constitution.  The Supreme Court has now held that the rule announced in <u>Miller</u> applies retroactively to these cases.  <u>Montgomery</u>, *supra*.

Given the teachings of <u>Miller</u> and <u>Montgomery</u>, lower federal courts

---

[1]  Given this ruling, we requested, and have now received, a status report from petitioner's counsel, which indicates that this petition is now ripe for resolution.  (Doc. 21).

which have recently examined petitions for writs of habeas corpus presented by juvenile offenders serving mandatory life sentences have acknowledged that these petitioners are: "entitled to be resentenced in conformity with Miller and that the state courts, in the first instance, are entitled to determine the appropriate sentence." Williams v. Wetzel et al., No. 3:13-CV-1705 (M.D. Pa. May 25, 2016); Jones v. Wetzel et al., 14-CV-1385 (M.D. Pa. May 23, 2016); Palmer v. Cain, No. CV-03-2983, 2016 WL 2637654, at *3 (E.D. La. Apr. 5, 2016), *report and recommendation adopted sub nom.* Palmer v. Cain, No. CV-03-2983, 2016 WL 2594753 (E.D. La. May 5, 2016); Martinez v. Hubbard, No. CV-11-5640-JAK (PLA), 2016 WL 429628, at *1 (C.D. Cal. Feb. 3, 2016).

We likewise conclude that the state courts are entitled to determine the appropriate sentence for such defendants in the first instance. As explained above, Supreme Court jurisprudence compels this conclusion, and the current case status report reveals that the parties in state court are already pursuing an appropriate course of action there. (Doc. 21).

**Conclusion**

For the above-stated reasons, the court will grant the instant section 2254 petition and remand this matter to the Court of Common Pleas of

Lebanon County, Pennsylvania for resentencing.  An appropriate order follows.

Date:  06/02/2016                          s/ James M. Munley
                                                  **JUDGE JAMES M. MUNLEY**
                                                  **United States District Court**